UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADAM P. RILEY,

                                                  Plaintiff,          DECISION and ORDER

-vs-

                                                                               18-CV-6124 CJS

MS. BECK, MS. B. PODDANY,
DOCTOR DARR, MS. A. TITUS, DSP,

                                                Defendants.
_____

INTRODUCTION

     Adam Riley ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Now before the Court is Defendants' summary judgment motion (Docket No. [#18]) alleging that Plaintiff failed to exhaust his administrative remedies before commencing this action as required by 42 U.S.C. § 1997e(a). Since it is undisputed that Plaintiff did not file an inmate grievance concerning his medical treatment until after he commenced this action, Defendants' motion is granted and this action is dismissed without prejudice.

BACKGROUND

     On February 8, 2018, Plaintiff commenced this action. Plaintiff claims that he has "a broken back, torn right shoulder and severe brain damage due to a work place accident." Plaintiff's Complaint [#1] alleges that in 2016, a medical doctor (Dr. Holder) at Fishkill Correctional Facility ("Fishkill") denied Plaintiff's request for surgery and denied Plaintiff's request to be "taken off work detail." The Complaint further alleges that in 2017, defendant

1

Nurse Poddany ("Poddany") placed Plaintiff in a job that he is unable to perform due to a disability. Additionally, the Complaint contends that in 2017, defendant Nurse Administrator Ms. Beck ("Beck") denied Plaintiff's request to be removed from a work detail, and failed to provide medical treatment for conditions to back problems, shoulder problems and seizures. Further, the Complaint alleges that defendant Dr. Darr ("Darr") denied Plaintiff's request for surgery and otherwise denied him proper medical care. Finally, the Complaint alleges that defendant "Dep Titus" ("Titus") placed Plaintiff into a program that he is unable to perform due to a disability. The Complaint indicates that when Plaintiff complained about his alleged inability to perform his work assignments, he was told "to shut his mouth," and that he would lose good time credits if he failed to perform his job.[1]

On the form Complaint that Plaintiff used to commence this action, he checked boxes indicating that he had "grieved" these claims. However, the "grievances" to which he refers are sick-call requests and a letter that he wrote to the facility Deputy Superintendent of Health Services.[2] There is no indication in the Complaint that Plaintiff utilized the Inmate Grievance Program to file a grievance concerning the matters alleged in this action.

On October 3, 2018, Defendants filed the subject motion for summary judgment. Defendants served an Irby notice on the *pro se* Plaintiff as required by Local Rule 56.2. *See*, Docket No. [#18-2]. Defendants contend that the action must be dismissed pursuant to 42 U.S.C. § 1997e(a), since Plaintiff did not exhaust his administrative remedies as to the claims in this action, or even file a grievance using the Inmate Grievance Program, before commencing this action.

---

[1] Docket No. [#1] at pp. 6-8, 11, 18.
[22] Docket No. [#1-1] at p. 2.

On October 18, 2018, Plaintiff filed a responding affidavit [#19], in which he acknowledges that it was not until June 3, 2018 (four months after he commenced this action), that he filed an Inmate Grievance concerning the matters in this action. Plaintiff indicates that his grievance was denied, and that he has an appeal currently pending before the Central Office Review Committee ("CORC").

DISCUSSION

Plaintiff is proceeding *pro se*, and the Court therefore reviews his papers "with special solicitude, mindful that they must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Cicio v. Wenderlich*, 714 F. App'x 96, 97 (2d Cir. Mar. 16, 2018) (citation and internal quotation marks omitted).

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

A prison inmate is required to exhaust his administrative remedies *before* bringing an action in federal court complaining about prison conditions. *See*, 42 U.S.C.A. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For purposes of 42 U.S.C. § 1997e(a), New York inmates in the custody of DOCCS are required to pursue their administrative grievances using New York's Inmate Grievance Program:

> As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir.2009) (citing 7 N.Y. Comp.Codes

R. & Regs. § 701.7 (1999)).

*Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. Feb. 1, 2015).

Here, Plaintiff acknowledges that he did not utilize the Inmate Grievance Program prior to commencing this action. Rather, he did not file an Inmate Grievance until months after he commenced this action, and he is still awaiting a decision from CORC. Consequently, this action must be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). *See, Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004) (Where inmate commences action before exhausting administrative remedies, "dismissal without prejudice is appropriate.").

CONCLUSION

Defendants' motion for summary judgment [#18] is granted. The action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). Plaintiff may file a new action once he has exhausted his administrative remedies. The Clerk of the Court is directed to close this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
October 29, 2018

ENTER:
/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge